BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP 20 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

9/20/78

In re Commonwealth Oil/Tesoro    )    DOCKET NO. 347
Petroleum Securities Litigation  )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY*,
AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

I.  BACKGROUND

This litigation consists of four actions pending in
two districts—three in the Southern District of New York
and one in the Western District of Texas.  The actions are
all brought under, inter alia, the federal securities laws.
The major defendants in these actions are Commonwealth Oil
Refining Company (CORCO), TESORO Petroleum Corporation (TESORO)
and certain present and former officers and directors of
CORCO and/or TESORO. TESORO and eight of the individual
defendants are named in all four actions, one individual
defendant is named in three actions, CORCO and five individual
defendants are named in two actions, and seven individual
defendants are named in only one action.  Additional defendants,
each in only one action, include CORCO's accountants and
a stockbrokerage that handled a 1975 tender offer pursuant
to which TESORO purchased  5.5 million shares of CORCO stock.

* Judge Caffrey took no part in the decision of this matter.



These four actions center around that tender offer; the subsequent disclosure by CORCO of financial difficulties, eventually leading in March 1973 to the filing by CORCO of a voluntary petition under Chapter XI of the Bankruptcy Act in the Western District of Texas;[1]/ and a resulting substantial decrease in the price of TESORO and CORCO securities. The specific allegations in each action are as follows:

A.  New York Actions

1)  Bouchard – Plaintiffs are shareholders of CORCO. They bring this action as a derivative action pursuant to Fed.R.Civ.P. 23.1, and as a class action pursuant to Fed.R.Civ.P. 23 on behalf of the following two classes: 1) all holders of CORCO common shares as of June 6, 1975 who did not tender those shares to TESORO on that date; and 2) all purchasers of CORCO common stock after June 6, 1975.  Defendants are CORCO; TESORO; E. F. Hutton & Co., the stockbrokerage that handled the purchase of 5.5 million shares of CORCO by TESORO; and twenty present or former officers and directors of CORCO and/or TESORO.

The factual allegations made by the plaintiffs in Bouchard are as follows:

---

1/ A motion to transfer the bankruptcy proceeding to the District of Puerto Rico, where CORCO's major refining facilities are located, was denied by the bankruptcy court during May 1978.

a)   During April 1975 TESORO made a tender offer for
5.5 million shares of CORCO at $11.50 per share.   Norman
C. Keith, CORCO's chief executive officer and the largest
single shareholder in CORCO, publicly opposed the offer
as inadequate, expressing an optimistic outlook for CORCO's
future following the resolution of past financial difficulties.
CORCO also instituted suit to block the offer.

b)   During May 1975 TESORO raised its offer from $11.50
to $14.25 per share.   In a joint press release, TESORO and
CORCO stated that CORCO had rejected other proposed tender
offers; that, upon completion of the tender offer, a new
board of directors for CORCO would be nominated in which
TESORO would have a majority of one; that TESORO and CORCO
would begin planning a merger between the two companies;
and that Keith would remain as a director of and senior
consultant to CORCO and would become a director of TESORO.

c)   During June 1975 TESORO completed its tender offer,
acquiring approximately 37 percent of all outstanding shares
of CORCO.

d)   During July 1975 a number of new members were appointed
to the board of directors of CORCO with the result that
TESORO was thereafter in full and effective control of CORCO.

e)   During May 1976 CORCO's corporate headquarters
were moved from New York, New York to San Antonio, Texas.

f)  During December 1976 TESORO and CORCO announced
that the contemplated merger between the two companies
would be deferred until CORCO could demonstrate its financial
solvency.

Plaintiffs further allege that CORCO's financial condition
was bleak because of commitments to sell refined petroleum
at prices below those at which CORCO could purchase and
refine crude petroleum; that the CORCO management misrepre-
sented the financial condition and future earning prospects
of CORCO in connection with TESORO's tender offer; that
Keith, in exchange for dropping his opposition to the TESORO
tender offer, arranged for and has received excessive **remuner-**
ation and expense funds in comparison to the services he
has performed for CORCO; that the defendants failed to disclose
fully the terms of the contract made with Keith; that the
CORCO management failed to disclose the terms of competing
proposals made at the time of the TESORO tender offer; that
the defendants falsely stated that a merger between CORCO
and TESORO was under contemplation; that TESORO, upon gaining
control of CORCO, discovered the true financial condition
of CORCO and adopted the false representations of the previous
management to TESORO's own benefit; and that TESORO, also
upon gaining control of CORCO, discovered the previous mis-
management of CORCO and continued that mismanagement until
the true financial condition of CORCO finally became known
during early 1977, when CORCO was on the verge of bankruptcy.

The derivative claims are brought 1) to recoup the allegedly excessive sums spent on Keith, 2) to recover damages allegedly **suffered** by CORCO from the rejection by CORCO's management of competing proposals made at the time of TESORO's tender offer, and 3) to recover other damages allegedly suffered by CORCO.  The class action claims are brought to recover damages allegedly suffered by members of the two classes as a result of substantial declines in the price of CORCO stock caused by defendants' misconduct.

2)  <u>Lewis</u> - Plaintiff is an individual purchaser of CORCO securities who seeks to represent a class comprised of all purchasers of CORCO securities between April 22, 1975 and April 1, 1977.  Defendants are CORCO, TESORO and fifteen present or former officers and **directors** of CORCO and/or TESORO.  The factual contentions made by the plaintiff in <u>Lewis</u> are substantially the same as the factual contentions made by the plaintiffs in <u>Bouchard</u>.  Plaintiff alleges that, as a result of the misrepresentations of defendants concerning the financial status of CORCO, plaintiffs and members of the plaintiff class were induced to purchase securities of CORCO at artificially inflated prices and suffered substantial damages when the true financial condition of CORCO became known and the price of CORCO **securities dropped.**

3) <u>Joseph</u> - Plaintiff is an individual who purchased
shares of stock in TESORO on December 31, 1976.  Plaintiff
seeks to represent a class consisting of all purchasers
of shares of TESORO from November 1975 through June 7, 1977.
Defendants are TESORO and nine present officers and directors
of CORCO and TESORO.  Plaintiff alleges that, soon after
TESORO completed its tender offer and acquired control of
CORCO, TESORO discovered that CORCO was in desperate financial
condition, that CORCO was likely to suffer substantial operating
losses, and that as a result the shares TESORO had acquired
had a value much lower than the price it had paid for them.
TESORO did not disclose this scenario to its shareholders
or to the public, plaintiff alleges, and continued to list
its investment in CORCO at the amount it had paid for the
shares.  By failing to write down the value of its investment
in CORCO, plaintiff alleges, TESORO grossly overstated its
income and assets in its financial reports.  Plaintiff alleges
that he and the members of the plaintiff class thereafter
suffered damages when TESORO disclosed that it was substantially
writing down the value of its investment in CORCO, and TESORO
shares suffered a significant decline in price as a result.

B.  Texas Action

Plaintiff is an individual who purchased a number of shares of CORCO stock during July 1976 and later sold those shares at a loss.  This plaintiff seeks to represent a class comprised of all purchasers of CORCO stock between February 17, 1976 and December 31, 1976.  Defendants include eleven present or former officers and directors of CORCO and/or TESORO; Deloitte, Haskins & Sells, CORCO's accountants; and TESORO.  Plaintiff alleges that the defendants conspired to conceal from the public adverse information concerning the financial condition of CORCO, that the defendants inflated the assets and profits of CORCO, that the defendants failed to disclose substantial operating losses suffered by CORCO, and that, as a result of these activities, the price of CORCO shares was artificially inflated.  Plaintiff also alleges that CORCO's accountants failed to discover and disclose the true financial condition of CORCO.  When the true financial condition of CORCO became known, plaintiff alleges, the price of CORCO stock declined substantially and plaintiff and members of the plaintiff class suffered losses.

-8-

II.  PROCEEDINGS BEFORE THE PANEL

Defendant TESORO and eight individual TESORO directors who are defendants in two or more actions move the Panel, pursuant to 28 U.S.C. §1407, for transfer in this litigation to the Western District of Texas.  Several parties, each of whom is a party in only a single action, oppose transfer with respect to all or some of the actions in this litigation. In the alternative,  the Southern District of New York and the District of Puerto Rico have been suggested as transferee forums.

We find that these actions involve common questions of fact and that transfer of the three New York actions to the Western District of Texas for coordinated or consolidated pretrial proceedings with the action pending there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.


III.  THE QUESTION OF TRANSFER

The opponents of transfer admit that these actions involve some common questions of fact, but they maintain that these common issues appear in a much larger context of issues that are unique to each action.  Opponents emphasize that, though each action has been brought as a class action, the class period asserted and the composition of the class for which representation is sought is different in each

action.  In particular, opponents contend, <u>Joseph</u>, which
is brought on behalf of TESORO shareholders and concerns
allegedly false and misleading statements in TESORO financial
reports, is entirely distinct from the other three actions,
which are brought on behalf of CORCO shareholders and are
concerned primarily with false and misleading statements
in CORCO financial reports.  The opponents of transfer conclude
that the common issues involved in these actions are not
complex, and that the common discovery will not be time-
consuming.  Rather, it is the unique issues in each action
which are complex and which will involve time-consuming
discovery, opponents argue.  Voluntary cooperation among
the parties and the two involved courts, including agreement
to share any common aspects of discovery, would serve as
a suitable alternative to transfer, opponents assert.

E.F. Hutton, a defendant in <u>Bouchard</u> only, requests
that the Panel delay decision on the question of Section
1407 transfer until the resolution in <u>Bouchard</u> of pending
motions to dismiss for lack of subject matter jurisdiction
and failure to state a claim.  These motions have been briefed
and oral argument has been requested.  E.F. Hutton argues
that the disposition of these motions could have a substantial
impact on the eventual scope of the issues in <u>Bouchard</u>.

We find the arguments in opposition to transfer unpersua-
sive. These four actions share complex questions of fact
concerning the financial condition of CORCO, the adequacy

of disclosure of that financial condition to the public,
and TESORO's involvement in any questionable non-disclosure
of that condition after TESORO assumed control of CORCO
through the 1975 tender offer. Though Joseph is brought
on behalf of TESORO shareholders, the claims asserted in
that action are based on TESORO's investment in CORCO and,
like the other three actions, will necessitate substantial
inquiry into the financial condition of CORCO and the management
of CORCO.  Our finding of substantial common questions of
fact among these four actions is augmented by the presence
of nine common defendants, including TESORO, in all four
actions.  Transfer under Section 1407 is thus necessary
to prevent duplicative pretrial proceedings and eliminate
the possibility of inconsistent pretrial rulings. See In
re Amtel, Inc. Securities Litigation, 447 F.Supp. 466, 466-67
(J.P.M.L. 1978).  While voluntary coordination of discovery
efforts among parties and their counsel is always commendable,
transfer of these actions to a single district under Section
1407 will ensure the streamlining of discovery and all other
pretrial proceedings as well. See In re First National Bank,
Heavener, Oklahoma (First Mortgage Revenue Bonds) Securities
Litigation, 451 F. Supp. 995, 997 (J.P.M.L. 1978).

We note that each opponent of transfer is a party in
only one action, and that it is not uncommon for such parties

to oppose inclusion in Section 1407 proceedings.  But the
Panel must consider the interests of all parties, and must
consider multidistrict litigation as a whole in the light
of the purposes of Section 1407.  See In re Library Editions
of Children's Books, 297 F.Supp. 385, 386 (J.P.M.L. 1968).
The transferee judge, of course, has the broad discretion
to design a pretrial program that will allow discovery on
any issues unique to any action or party to proceed concurrently
with the common discovery. See In re Republic National-Realty
Equities Securities Litigation, 382 F.Supp. 1403, 1405-06
(J.P.M.L. 1974).  And no party need participate in pretrial
proceedings unrelated to that party's interests.  See, e.g.,
Parts I and II, §§2.31, Manual for Complex Litigation (rev.
ed. 1977).

The pendency in Bouchard of certain motions to dismiss
is not a persuasive reason to delay transfer in this litigation.
These motions can be presented to and decided by the transferee
judge following transfer. See In re Midwest Milk Monopolization
Litigation, 398 F.Supp. 676, 678 (J.P.M.L. 1975); In re
Molinaro/Catanzaro Patent Litigation, 380 F.Supp. 794, 795
(J.P.M.L. 1974).

IV.  SELECTION OF THE TRANSFEREE FORUM

Of the three transferee forums suggested for this liti-
gation, the Western District of Texas is clearly the most
appropriate. Since CORCO is involved in a Chapter XI reorgani-
zation proceeding in the Western District of Texas, transfer
there will facilitate coordination between that proceeding
and the instant actions. See In re U.S. Financial Securities
Litigation, 375 F.Supp. 1403, 1404 (J.P.M.L. 1974); In re
Equity Funding Corporation of America Securities Litigation,
375 F.Supp. 1378, 1387 (J.P.M.L. 1974); In re Four Seasons
Securities Laws Litigation, 328 F.Supp. 221, 223 (J.P.M.L.
1971); In re Penn Central Securities Litigation, 322 F.Supp.
1021, 1023 (J.P.M.L. 1971). Furthermore, the corporate
headquarters of CORCO and TESORO are located in the Western
District of Texas and, as a result, many relevant documents
and witnesses are located there. See In re Investors Funding
Corporation of New York Securities Litigation, 437 F.Supp.
1199, 1203 (J.P.M.L. 1977).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.
§1407, the actions listed on the following Schedule A and
pending in the Southern District of New York be, and the
same hereby are, transferred to the Western District of
Texas and, with the consent of that court, assigned to the
Honorable Patrick E. Higginbotham, sitting by designation
pursuant to 28 U.S.C. §292(b), for coordinated or consolidated
pretrial proceedings with the action listed on Schedule
A and pending in that district.

SCHEDULE A                                              MDL-347

## SOUTHERN DISTRICT OF NEW YORK

Morton S. Bouchard, et al. v. Tesoro          Civil Action
Petroleum Corp., et al.                       No. 77-Civ-2037 (KTD)

Harry Lewis v. Norman C. Keith, et al.        Civil Action
                                              No. 77-Civ-3402 (KTD)

Seymour Joseph v. Peter M. Detwiler, et al.   Civil Action
                                              No. 77-Civ-3809 (WK)

## WESTERN DISTRICT OF TEXAS

David Jaroslawicz v. James C. Phelps,         Civil Action
et al.                                        No. SA-78-CA-101-
                                              (DWS)